IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOUTHWEST AIRLINES PILOTS ASSOCIATION, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 3:21-cv-2608-M |
| | § § | |
| SOUTHWEST AIRLINES CO., | § § | |
| Defendant. | § § § | |

**PLAINTIFF'S REPLY BRIEF REGARDING PLAINTIFF'S OBJECTIONS TO AND MOTION TO STRIKE PORTIONS OF DEFENDANT'S MOTION TO DISMISS EVIDENCE**

TO THE HONORABLE CHIEF JUDGE BARBARA M. G. LYNN:

Plaintiff Southwest Airlines Pilots Union ("SWAPA") files this reply brief in support of its objections to certain inadmissible portions of the evidence submitted by Defendant Southwest Airlines ("Southwest") within Southwest's appendix (Docket No. 13-1), submitted in support of Defendant's motion to dismiss (Docket Nos. 11 and 12).[1]

**I.  Southwest Continues to Rely Upon Hearsay For The Truth Of The Matter Asserted**

Southwest does not deny that to be sufficient to put the contested facts in issue, affidavits submitted in support of or in opposition to motions to dismiss for lack of jurisdiction must comply with the requirements of Fed. R. Civ. P. 56[(c)(4)]; *i.e.*, they must be made on personal knowledge,

---

[1] The title of Plaintiff's motion to strike (Docket No. 20) contained a typographical error. The title incorrectly stated that it was in response to portions of "summary judgment" evidence rather than "motion to dismiss" evidence. This typo was not repeated anywhere else in the motion. Clearly, the objections and motion to strike were discussing the purported motion to dismiss evidence as stated in the intro paragraph of Docket No. 20 and throughout the remainder of Docket No. 20.

set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein.") *Source Network Sales & Mktg., LLC v. Ningbo Desa Elec. Mfg. Co.*, No. 3:14-CV-1108-G, 2015 U.S. Dist. LEXIS 63794, at *25 (N.D. Tex. 2015). Instead, Southwest argues that the objected to portions of Chris Meehan's declaration are not hearsay because they were not offered for the truth of the matter asserted, but rather, they are, "proffered to establish SWA's *reasons* for removing Captain Roebling's Check Airman duties." (Southwest response p. 1, emphasis in original). This is simply another way of saying that these allegations are offered for the truth of the matter asserted and Southwest's declaration still fails.

Mr. Meehan's declaration does not say (as Southwest now argues) that these are things that were reported to Mr. Meehan, instead his declaration states at paragraph 7,

> In March 2021, however, SWA removed Captain Roebling's qualifications to perform Check Airman duties due to his recurrent unprofessional behavior. In making this decision, management took into account Captain Roebling's history of misconduct, including the following:

(Meehan Declaration ¶7) Mr. Meehan fails to establish, within the declaration, any firsthand knowledge of these allegations or any purported reporting of these allegations as part of an investigation or other business record. Southwest claims the objected to allegations are not hearsay, but it is transparent that the allegations are proffered for the truth of the matter asserted. Indeed, in support of its actions, Southwest is stating that Captain Roebling allegedly actually had this history of misconduct.

Southwest's argument is similar to the argument denied in *Merritt v. State*, 2018 Tex. App. LEXIS 8469, at *5-6 (Tex. App.—Tyler Oct. 17, 2018). There, the court resolved an argument by the government regarding hearsay allegedly not offered for the truth of the matter asserted when it clearly *was* offered for the truth of the matter asserted. The court stated:

> In its brief, the State first argues that the statements in the text messages at issue are not hearsay because they were not offered for the truth of the matters asserted, but rather were introduced to prove Appellant's knowledge and intent. *See* Tex. R. Evid. 801(d)(2). We disagree. "Matter asserted" means any matter a declarant explicitly asserts as well as any matter implied by the statement if the probative value of the statement as offered flows from the declarant's belief about the matter. *See* Tex. R. Evid. 801(c). Here, Appellant was charged with committing aggravated robbery. The first three text messages at issue purport to be instructions given by Appellant to his accomplices regarding (1) how to get to the scene of the robbery, (2) how to threaten an employee during the robbery, and (3) where to put the money after the robbery. Appellant's involvement in the robbery is implied by these text messages, and the statements' respective probative values flow from his alleged belief that these instructions be heeded.

*Id.* Similarly here, the probative value of the hearsay accusations within Mr. Meehan's declaration is directly tied to the notion that they allegedly support the reasons for Southwest's actions in removing Check Airman Roebling from the training department and removing his check airman qualifications. Without a belief by Meehan that the hearsay allegations were true, they have no probative value. As such, the hearsay statements are offered for the truth of the matter asserted and should be stricken.

Southwest's legal arguments are also not persuasive. Southwest cites to *Coleman v. Jason Pharm.*, 540 F. App'x 302, 306 (5th Cir. 2013) but in that case, the declaration at issue literally attached copies of unsworn written statements by coworkers. In determining that it was not error to admit those statements, the Fifth Circuit held that Coleman's co-workers' unsworn statements were attached to Underwood's affidavit to prove what the employees had told Underwood, and she relied upon those statements in making the decision to terminate Coleman. Such an "honest belief" argument is not applicable here, where Meehan's declaration does not state that he heard these allegations and relied upon them, but rather simply states that these things happened (e.g. for the truth of the matter asserted).

The next case cited by Southwest further undercuts its arguments. In *Brauninger v. Motes*, 260 F. App'x 634, 636 (5th Cir. 2007), the Fifth Circuit allowed the admission of a declaration by an investigator which detailed what she had been told by individuals she interviewed in the course of her investigation because the items were not offered for the truth of the matter asserted, but to support the idea that she had been told this information and it formed her decision to terminate the plaintiff. *Id.* Central in the court's analysis however was the point that the statements by third parties were actually hearsay, but they fell within a business records exception because of the nature of the investigation and the report being created as a business record. Here, Mr. Meehan does not provide *any* documentary support for his accusations, and he has not identified who, if anyone, allegedly provided the information. There is no arguable business record exception here and the claims are simply inadmissible hearsay offered for the truth of the matter asserted.

*Durham v. Oil States Energy Servs.*, 2021 U.S. Dist. LEXIS 125772, at *16 (W.D. Tex. 2021), is also not on point or persuasive. Within *Durham*, the court was determining the admissibility of detailed statements by individuals, not vague generalities like those found in Mr. Meehan's declaration. Furthermore, these statements were admitted for the court's analysis of the second prong of the familiar *McDonnell Douglas* burden shifting framework wherein the defendant merely needs to articulate a legitimate non-discriminatory business reason for the adverse employment action and its burden is merely one of production, not persuasion, and no credibility determination is made. *Id.* This is not the case in this RLA matter, wherein the Court is not undertaking a *McDonnel Douglas* burden shifting analysis.

*Guajardo v. Formosa Plastics Corp.*, 2005 U.S. Dist. LEXIS 32424, at *6 (S.D. Tex. 2005), is another foreign district case relied upon by Southwest. Again, it is not an RLA case and the declaration at issue is different than the one offered by Mr. Meehan. In *Guajardo*, the

declaration of Mr. Drastata contained a "recitation of the events observed by Armando Rodriguez" and the court determined it was not being offered for the truth of the matter asserted. *Id.* Here, Mr. Meehan's declaration is written as if the vague allegations are true, not simply as though these were things heard of by Mr. Meehan. Even in response to the motion to strike, Southwest states, "Meehan's Declaration **establishes** that SWA exercised its contractual prerogative to remove Captain's Roebling's Check Airman duties **due to his recurrent unprofessional conduct**, rather than because of any purported "anti-union animus". (Southwest response p. 3, emphasis added) This is further evidence that these hearsay allegations are offered for the truth of the matter asserted, which is that Captain Roebling was allegedly engaged in recurrent unprofessional conduct.

**II.     Paragraph 13 of Meehan's Declaration Continues to Be Demonstrably False**

Regarding paragraph 13 of Mr. Meehan's declaration, Southwest argues:

> Plaintiff argues Paragraph No. 13's contention that SWAPA's grievance alleged an RLA violation is "demonstrably false". ECF No. 20, p. 3-4. In fact, the grievance specifically alleges the Company removed Captain Roebling's Check Airman duties "in violation of the Collective Bargaining Agreement (CBA) and the Railway Labor Act (RLA)." ECF No. 13-1, Def. App. 8 (emphasis added).

(Southwest Response p. 4). If Southwest reads the entire argument, it is clear that SWAPA is correct regarding Southwest's argument being demonstrably false. The entirety of SWAPA's argument within its motion is:

> The highlighted portion is demonstrably false and is contrary to the best evidence which is the grievance itself. The grievance specifically states that it is regarding violations of the CBA. The only reference to the RLA is as follows: "In March 2021, the Company improperly terminated my qualifications as a Check Airman and SCA, in violation of the Collective Bargaining Agreement (CBA) and the Railway Labor Act (RLA). **This grievance addresses the Company's CBA violations.**" (Emphasis added).

(SWAPA motion p. 4-5, emphasis in original).  Southwest strangely asks the court to ignore the bolded sentence within the grievance, which specifically states, "This grievance addresses the Company's CBA violations."  The sentence which Southwest ignores unequivocally modifies the preceding sentence which Southwest solely relies upon for its argument.  Again, Southwest's argument within the declaration of Mr. Meehan is, and remains, demonstrably false.  The grievance is clearly only regarding violations of the CBA, not the statutory RLA violations at issue in this lawsuit.

**III.    Southwest's Supplement Reply Appendix Continues to Contain Hearsay**

In footnote 2 within Southwest's response to SWAPA's objections and motion to strike portions of Mr. Meehan's declaration, Southwest states that it will be filing a supplemental version of Mr. Meehan's declaration to "clarify the record."  (Southwest response p. 4, n2). The later filed supplemental appendix filed in support of Southwest's reply brief contains a modified version of Mr. Meehan's declaration that continues to rely upon inadmissible hearsay testimony.  The added words within the new declaration are:

Paragraph 4a, which adds:

"including multiple instances of loud and off-color remarks"

"a Flight Instructor"

Paragraph 4b, which adds:

"including Manager of Standards, Don Merritt,"

"which included a pattern of brash and obstinate behavior towards others."

Paragraph 4c, which adds:

"Standards Check Airmen, including"

"Captain Jennifer Wise"

Paragraph 4d, which adds:

> "including jokes of a sexual nature regarding another employee named "Dick"."[2]

Paragraph 4e, which adds:

> "which included making sounds with the fart machine and playing video games during training events with the Instructors."

(Docket No. 25). Each of the additions by Mr. Meehan continue to be hearsay allegations offered for the truth of the matter asserted. Within the declaration, Mr. Meehan fails to establish that he personally observed these events or that they were based on statements contained within an otherwise admissible business record of Southwest. Mr. Meehan's supplements do not fix the inadmissibility of the hearsay allegations and the new portions of his declaration should be stricken too.

In addition to not fixing the inadmissibility of the objected to portions of Mr. Meehan's declaration, Southwest's reply brief appendix was filed without leave of court. This Court has previously held that the Local Rules of the Northern District, "do not provide for reply appendixes and the court normally does not permit a reply appendix to be filed." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 2000 U.S. Dist. LEXIS 22714, 2000 WL 35615925, at *1 n.2 (N.D. Tex. 2000) (refusing to consider a reply appendix filed in support of a motion to dismiss for lack of personal jurisdiction); *Rigg v. Casey*, 2022 U.S. Dist. LEXIS 10331, at *3-4 (N.D. Tex. 2022).

---

[2] It is ironic, and not credible, that Southwest claims it disciplined Captain Roebling for allegedly using jokes of a sexual nature regarding an employee named "Dick" when its own management team used the term "dick" to refer to Captain Roebling when talking to other training department members. (See Docket No. 18, p. 8 and Complaint paragraph 40)

Wherefore, SWAPA continues to object to the evidence discussed within Plaintiff's motion to strike (Docket No. 20) and moves the Court to strike the inadmissible portions of the evidence submitted by Southwest in support of its motion to dismiss.

DATED: January 28, 2022

Respectfully submitted,

By: /s/ Hal K. Gillespie
Hal K. Gillespie
hkg@gillespiesanford.com
Texas State Bar No. 07925500
James D. Sanford
jim@gillespiesanford.com
Texas State Bar No. 24051289
Joseph H. Gillespie
joe@gillespiesanford.com
Texas State Bar No. 24036636
Gillespie Sanford LLP
4803 Gaston Avenue
Dallas, Texas 75246
Phone: (214) 800-5111
Fax: (214) 838-0001

and

K. Helen Yu
hyu@swapa.org
Texas State Bar No. 24071565
Linelle S. Mogado*
lmogado@swapa.org
California Bar No. 236489
Southwest Airlines Pilots Association
1450 Empire Central Drive,
Suite 737
Dallas, TX 75247
Phone: (800) 969-7972
Fax (214) 351-2504

*Pro hac vice

ATTORNEYS FOR PLAINTIFF
SOUTHWEST AIRLINES PILOTS
ASSOCIATION ("SWAPA")

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the forgoing document has been served upon counsel of record for Southwest Airlines by and through the Court's ECF system on January 28, 2022.

By: */s/ Joseph H. Gillespie*